## SUPREME COURT.

### WILLIAM LIVARD agt. JOSEPH B. MORRIS.

In an action to recover the possession of personal property, the decision was in favor of the defendant, who perfected judgment for the *value* of the property and for *damages* for taking and detaining it, and the *costs* of the action. On appeal, the general term decided that "the judgment be *reversed*, unless the defendant stipulated to collect only his damages for taking and detaining the property and costs, and if such stipulation be made, that then the judgment be affirmed."

The defendant served the required stipulation, and then entered up judgment for the *costs of the appeal*, (some $84.)

*Held*, that upon such a state of facts, it would be more difficult to show that the plaintiff himself was not entitled to costs of the appeal against the defendant. The plaintiff had succeeded upon the appeal. The defendant should not be permitted to take the wind out of the plaintiff's sails under such an order. Judgment for costs of the appeal set aside, with costs of the motion.

*Albany Special Term, July*, 1857.

MOTION to set aside judgment for costs. The action was brought to recover the possession of personal property. Upon the trial, the decision was in favor of the defendant, who thereupon perfected judgment for the value of the property in question, and also for the damages for taking and detaining the property, and the costs of the action. From this judgment the plaintiff appealed to the general term. The decision upon the appeal was, that the judgment be *reversed, unless the defendant stipulate to collect only his damages for taking and detaining the property and costs, and if such stipulation be made, that then the judgment be affirmed.*

The defendant served a stipulation, pursuant to the terms of the order, and then proceeded to enter up judgment for the costs of the appeal, which were taxed by the clerk at $84.44. This judgment the plaintiff moved to set aside.

LYMAN TREMAIN, *for plaintiff.*
JOHN K. PORTER, *for defendant.*

Livard agt. Morris.

HARRIS, Justice. The decision at the general term was in favor of the plaintiff. It was held that the judgment appealed from was erroneous, and could not stand. The order of the court accordingly was, that it should be *reversed*. But the court were also of opinion that though the judgment, as it had been perfected, was erroneous, yet the defendant was entitled to recover a judgment for a part of the demand. To save him the expense and inconvenience of entering up a new judgment, it was made a part of the order that notwithstanding the decision that the judgment should be reversed, it might yet stand as a valid judgment, if the defendant, by stipulation, would give the plaintiff the benefit of the decision in his favor. He was accordingly required to agree, that he would only collect upon the judgment, as the condition upon which it should be allowed to stand, the damages mentioned in the judgment, and the costs. A fair construction of such an agreement would, I think, exclude the costs of the appeal. It is evident that the court intended the defendant, if he would take the benefit of the condition in the rule, should waive his right to any other costs than those embraced in the judgment.

Upon such a state of facts, it would be more difficult to show that the plaintiff himself was not entitled to costs against the defendant. He had succeeded upon the appeal. Judgment of reversal had been pronounced. He might well urge that the fruits of his victory should be awarded to him. It was matter of favor to the defendant, not of right, that any part of his judgment should be allowed to stand. It is certainly enough for the defendant, that by allowing him this favor he escapes the costs of a reversal, with which he must otherwise have been charged. The injustice of allowing him to recover of the plaintiff the costs of the appeal, is too palpable to be tolerated. The judgment which the defendant has entered for such costs, must be set aside. I think, too, the defendant should be charged with the costs of this motion.